IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DEBRA W. CARNEY, )
 )
 Plaintiff, )
 )
v. ) Case No.
 )
SUNCREST HEALTHCARE OF MIDDLE )
TENNESSEE, LLC, )
 )
 Defendant. )

## COMPLAINT

For her Complaint against defendant Suncrest Healthcare of Middle Tennessee, LLC ("Defendant"), Debra W. Carney ("Plaintiff") states:

## PARTIES

1. Plaintiff is a resident of Hendersonville, Sumner County Tennessee and former employee of Defendant at the office located at 1210 Briarville Road, Building 10, Madison, TN 37115.

2. Defendant is a Tennessee limited liability company with its principal place of business located in Madison, Tennessee. At all relevant times, defendant employed more than 50 individuals, including plaintiff, in 20 or more workweeks per year. Defendant may be served with process through its registered agent, National Corporate Research, Ltd., Inc. at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

## JURISDICTION AND VENUE

3. This is an action for damages and equitable relief for unlawful employment

practices brought under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, ("FMLA"). The Court has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391.

## FACTS

4. Plaintiff began her employment with Defendant as an Account Manager on or about April 3, 2011, and she performed her job duties for Defendant in an exemplary manner.

5. In December of 2012, Plaintiff underwent shoulder surgery and was required to be absent for a period of time from her job as a result of her serious health condition.

6. Defendant determined that Plaintiff was eligible for FMLA leave, and Plaintiff was absent from work on her approved FMLA leave from December 13, 2012 until January 2, 2013.

7. Following Plaintiff's return to work from her company approved and federally protected FMLA leave, Plaintiff stayed on intermittent leave for physical therapy related to her shoulder surgery.

8. On March 21, 2013 Defendant terminated Plaintiff's employment.

9. At the time Plaintiff's employment was terminated, Defendant's supervisor told her that she was being fired because her "productivity was down" and that she was not working enough hours during the time she was on FMLA leave.

10. Defendant terminated Plaintiff's employment because of her utilizing FMLA leave in violation of the FMLA.

## CLAIM FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE AND RETALIATION)

11. Plaintiff hereby incorporates and realleges the factual averments as set forth in

2

paragraphs 1 through 10 herein.

12. At all times pertinent to this action, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A).

13. At all times pertinent to this action, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

14. Plaintiff's shoulder injury and surgery constituted a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11).

15. Plaintiff was under the continuous care of a physician, 29 U.S.C. § 2611(11)(B).

16. Defendant's employment decision affecting Plaintiff deprived Plaintiff of the benefits and rights to which she was entitled pursuant to the FMLA.

17. Defendant interfered with plaintiff's rights under the FMLA by terminating Plaintiff's employment.

18. Defendant retaliated against Plaintiff for requesting, applying for and using FMLA-protected leave.

19. Defendant's termination of Plaintiff's employment was unlawful and constitutes a "prohibited act" within the meaning of the FMLA.

20. Plaintiff has suffered and will continue to suffer direct pecuniary losses as a result of defendant's violations of the FMLA.

21. As a result of its actions, Defendant is liable to plaintiff in an amount to be determined by the jury for the damages Plaintiff has incurred as well as for liquidated damages.

22. As a result of its actions, Defendant is liable for Plaintiff's attorneys' fees.

23. As a result of its actions, Defendant is obligated to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, Plaintiff demands the following relief:

1. A jury trial and entry of judgment in her favor;

2. Back pay and damages for lost benefits;

3. Reinstatement or, alternatively, front pay and damages for lost benefits;

4. Liquidated damagesp;

5. Attorneys' fees and expenses;

6. Prejudgment interest and, if applicable, post judgment interest; and

7. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

_____
Stephen W. Grace, TN No. 14867
1019 16TH Avenue South
Nashville, TN 37212
(615) 255-5225

_____
Jordan M. Sluder, TN No. 30916
1019 16TH Avenue South
Nashville, TN 37212
(615) 255-5225

ATTORNEYS FOR PLAINTIFF