IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEBRA CARNEY, )
)
    Plaintiff, )
)
                                      ) No. 3:13-cv-00527
v. ) Senior Judge Haynes
)
SUNCREST HEALTHCARE OF MIDDLE )
TENNESSEE, LLC, )
)
    Defendant. )

## MEMORANDUM

Plaintiff, Debra Carney, filed this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., against Defendant, Suncrest Healthcare of Middle Tennessee, LLC. ("Suncrest"), her former employer. Plaintiff alleged interference with her FMLA leave and that her termination was in retaliation for her use of FMLA leave. The Court granted Defendant's motion for summary judgment (Docket Entry No. 59), and Plaintiff appealed. (Docket Entry No. 60). Defendant sought an award of costs in the amount of $2,744.95 that the Clerk of Court granted. (Docket Entry No. 63).

Before the Court is Plaintiff's exception to and motion for review of costs taxable by Clerk. (Docket Entry No. 64). Plaintiff asserts that the Court, in its discretion, should decline to award Defendant's costs because this action was "close and difficult" and Plaintiff litigated in good faith. In response (Docket Entry No. 65), Defendant contends that Plaintiff has failed to meet her burden of showing that the award of costs was improper.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." The expenses that a federal court may tax as costs are set forth in 28 U.S.C. § 1920. See Williams v. Hevi-Duty Elec. Co., 122 F.R.D. 206, 210 (M.D. Tenn. 1988) ("Title 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) apply generally to all cases unless there is specific contrary

guidance."). The Sixth Circuit has interpreted the language in Rule 54(d)(1) to conclude that a presumption exists in favor of awarding costs, but a trial court may disallow such an award at its discretion. Knology v. Insight Commc'ns Co. L.P., 460 F.3d 722, 726 (6th Cir. 2006). Yet, a court's discretion is limited.

> [Rule 54(d)] establishes a norm of action: prevailing parties are entitled to their costs as of course. Departures from the rule are permitted; however, "when rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rule were nondirective."

White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 731-32 (6th Cir. 1986) (quoting Coyne-Delany Co., Inc. v. Capital Dev. Bd. of the State of Illinois, 717 F.2d 385, 392 (7th Cir. 1983)). Thus, "'it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." Id. at 732 (quoting Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir.1959)); Goosetree v. State of Tennessee, 796 F.2d 854, 864 (6th Cir. 1986) ("The prevailing party in a civil rights action . . . is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920.").

The Sixth Circuit has identified several situations in which the presumption favoring an award of costs may be overcome by a losing party and a district court is justified in exercising its discretion in denying costs. In White & White, the Sixth Circuit stated:

> In an early analysis of Rule 54(d), this court stated that the rule was "intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir.1959). We have described several circumstances in which a denial of costs is a proper exercise of discretion under the rule. Such circumstances include cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large", id., cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, National Transformer Corp. v. France Mfg. Co., 215 F.2d 343, 362 (6th Cir.1954), cases where the prevailing party's

2

recovery is so insignificant that the judgment amounts to a victory for the defendant, Lichter, 269 F.2d at 146, and cases that are "close and difficult." United States Plywood Corp. v. General Plywood Corp., 370 F.2d 500, 508 (6th Cir.1966).

Id. at 730. "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." Id. at 732–33. "However, the standard used to determine whether to grant summary judgment is simply not appropriate in determining whether the losing party has presented sufficient grounds to overcome the presumption in favor of an award to costs under Rule 54(d)." Hunter v. Gen. Motors Corp., 161 F. App'x 502, 504 (6th Cir. 2005) (per curiam) (after affirming the district court's judgment memorializing a jury verdict in favor of the defendant, the Sixth Circuit concluded that the district court abused its discretion in denying costs based on White & White in an "altogether straightforward" race and age discrimination action).

Factors that should be ignored by a district court when determining whether to exercise its discretion and deny costs include the size of a prevailing party's recovery and the ability of a prevailing party to pay his or her costs. Id.; but see Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001) ("Although the ability of the winning party to pay his own costs is irrelevant, another factor weighing in favor of denying costs is the indigency of the losing party."). The good faith that a losing party demonstrates in filing, prosecuting or defending an action is a relevant factor that may be considered, but in the absence of other relevant factors is an insufficient basis for denying costs. Id.; see id. at 731 ("Good faith without more . . . is an insufficient basis for denying costs to a prevailing party."); see also Goosetree, 796 F.2d at 864 (stating, in an action that went to trial involving claims under Title VII and §§ 1983 and 1985, that the district court's denial of defendants' costs because the plaintiff's case was not frivolous was "clearly an incorrect standard."); Reed v.

3

Cracker Barrel Old Country Store, Inc., 171 F. Supp.2d 751, 756 (M.D. Tenn. 2001). Likewise, the propriety with which a losing party conducts the litigation is another relevant, but, in the absence of other factors, insufficient basis for denying costs. Id.; McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005).

Further, "the Sixth Circuit continues to indicate that an award of Rule 54 costs to prevailing employers in employment discrimination cases is appropriate." Ford v. FedEx Supply Chain Servs., Inc., No. 07-2721-STA, 2009 WL 1585849, at *1 n.9 (W.D. Tenn. June 3, 2009) (awarding the defendant employer costs following summary judgment in the defendant's favor in a Title VII race discrimination case) citing Hunter, 161 F. App'x at 503-04 (Title VII race and ADEA discrimination action); Bawle v. Rockwell Int'l Corp., 79 F. App'x 875, 877 (6th Cir.2003) (ADEA and ERISA anti-discrimination claims); Bivins v. U.S. Pipe & Foundry Co., 48 F. App'x 570, 572-73 (6th Cir.2002) (in affirming summary judgment in favor of defendant in race discrimination claim under Title VII and 42 U.S.C. § 1981, the Sixth Circuit remanded the action to the district court to award costs or state why costs should not be awarded, stating "It is important to note that [the defendant] is not seeking attorneys fees in this case; it is seeking to be reimbursed statutory costs which are usually paid to a successful litigant at the conclusion of a case.")); Lindsay v. Pizza Hut of Am., Tricon Inc., 84 F. App'x 582 (6th Cir. 2003) (affirming costs for defendant in action under Title VII and 42 U.S.C. § 1981); accord Hildebrandt v. Hyatt Corp., No. 1:02CV003, 2006 WL 3063498, at *3 (S.D. Ohio Oct. 26, 2006) (awarding costs to defendant where gender discrimination claims were dismissed on summary judgment stage and age discrimination claims went to trial before a jury); Willis v. Legal Aid Def. Ass'n, Inc., No. 11-11384, 2012 WL 762619, at *1 (E.D. Mich. Mar. 9, 2012) (awarding costs to defendants in FMLA action); Russell v. State of Ohio, Dep't of Admin. Servs., No. 2:05-CV-0142, 2009 WL 1119476, at *2 (S.D. Ohio Apr. 27, 2009) ("[T]he Sixth Circuit

has rejected Plaintiff's argument that an award of costs against an unsuccessful Title VII litigant undercuts the remedial purposes of Title VII." (citing Jones v. Continental Corp., 789 F.2d 1225, 1233 (6th Cir.1986)); Pion v. Liberty Dairy Co., a Div. of Dean Foods Co., 922 F. Supp. 48, 51 (W.D. Mich. 1996) ("Notably, the Sixth Circuit has recognized that allowing imposition of costs against unsuccessful civil rights plaintiffs--even indigent plaintiffs--does not have any perceived chilling effect on the filing of such actions." (citing Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991)); Hughes v. B/E Aerospace, Inc., No. 1:12CV717, 2014 WL 906220, at *1 (M.D.N.C. Mar. 7, 2014) (awarding defendants costs in FMLA action); Madden v. Fid. Nat. Info. Servs., Inc., No. 8:13-CV-1316-T-35, 2014 WL 5039542, at *1 (M.D. Fla. Oct. 6, 2014) (awarding defendant costs in FMLA action); Naber v. Dover Healthcare Associates, Inc., No. CA 09-946-MPT, 2013 WL 351399, at *1 (D. Del. Jan. 29, 2013) (awarding defendant costs in FMLA and ADA action).

Citing White & White where the Sixth Circuit affirmed the district court's denial of costs to the prevailing party because the action was close and difficult, Plaintiff asserts that the Court should not award Defendant's costs because this action was "close and difficult" and that Plaintiff pursued her claims in good faith. Yet, in Freeman v. Blue Ridge Paper Products, Inc., 624 F. App'x 934 (6th Cir. 2015), the Sixth Circuit distinguished White & White, stating:

> White & White involved an 80–day trial with 43 witnesses, 800 exhibits, over 15,000 pages of transcripts, and a 95–page opinion by the court. ... [T]his case did not require trial, as the district court disposed of the matter at summary judgment, holding there was no genuine dispute regarding whether [Defendant] caused the damages Plaintiffs claimed. Plaintiffs cite no authority supporting their assertion that the case was so close and difficult as to render the award of costs an abuse of discretion or contrary to law.

Id. at 939.

Here, this action involved typical claims for FMLA interference and retaliation and was disposed of on summary judgment. The Court concluded that Plaintiff could not establish a prima

5

facie claim of interference with her FMLA leave because Plaintiff received all FMLA leave she requested and she was not on FMLA leave when she was terminated. (Docket Entry No. 58 at 19). As to Plaintiff's retaliation claim, Defendant alternatively argued that even if Plaintiff, assuming *arguendo,* could establish a prima facie of retaliation Plaintiff could not show that Defendant's proffered reason for terminating her was pretextual. Thus, without addressing whether Plaintiff could establish a prima facie claim of retaliation, the Court concluded that Plaintiff failed to meet her burden to prove that Defendant's legitimate, non-discriminatory reason for terminating her was a pretext for retaliation. Id. at 24, 26. This action does not rise to the level of "close and difficult" as analyzed in White & White, and Plaintiff has not offered any evidence or cited any authority to deny costs under the circumstances of this action. See Hunter, 161 F. App'x at 503–04 (after affirming the district court's judgment memorializing a jury verdict in favor of the defendant, the Sixth Circuit concluded that the district court abused its discretion in denying costs based on White & White in an "altogether straightforward" race and age discrimination action); Moore v. City of Clarksville, No. 3:10-00141, 2011 WL 5117776, at *1, 2 (M.D. Tenn. Oct. 25, 2011) (noting that White & White did not warrant denial of costs because the instant action involved "a typical claim of retaliation" and did not present "the difficulty and complexity of the legal and factual issues" addressed in White & White).

Moreover, Plaintiff cannot rely on the basis that she pursued the action in good faith to justify a denial of costs to Defendant. "Good faith without more . . . is an insufficient basis for denying costs to a prevailing party." White & White, 786 F.2d at 731; McDonald, 409 F.3d at 732 ("[T]he mere fact that [the plaintiffs] acted in good faith and with propriety, standing alone, is insufficient to overcome the presumption of Fed.R.Civ.P. 54(d).").

Accordingly, for these reasons, the Court concludes that Plaintiff's exception to and motion for review of costs taxable by Clerk (Docket Entry No. 64) should be denied and the Clerk's award of costs in the amount of $2,744.95 should be adopted.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 28th day of September, 2016.

_____
WILLIAM J. HAYNES, JR.
United States District Judge